# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

September 8, 2023

**VIA ECF**  
The Honorable Analisa Torres  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

>   **Re:**   Response to Demand by Defendants for ADR [Dkt. No. 18].  
>   ***Ramirez v. Smith, Carroad, Levy, Wan & Parikh, P.C. et al.,*** **1:23-cv-4355 -AT**

Dear Judge Torres:

The undersigned represents Plaintiff Deborah Ramirez. This letter responds to Defendants' Letter Demanding ADR [Dkt. No. 18] to dispute the benefit of ADR at this stage of the litigation, and protest Defendants' inappropriate threat of "unsavory discovery."

**1. Plaintiff's Position on ADR**

Defendants are wrong that Plaintiff's counsel is refusing to mediate. As previously stated in the Joint Letter [Dkt. No. 11], counsel for Plaintiff believes at the appropriate time it would be productive to have mediation with Joseph DiBenedetto, a mediator that counsel in the case at bar used successfully on a hotly contested prior case. Plaintiff believes the appropriate time would be after document production (especially account notes and recordings, if any) and depositions of the person at the law firm that spoke with Ms. Ramirez (and told her it was not their problem) and Pragna Parikh, the partner at the firm who continued to vigorously prosecute the collection lawsuit even after knowing that suit was filed in a distant venue in violation of the FDCPA. As Defendants are raising a bona fide error defense, a corporate representative deposition may be needed.

Conversely, Plaintiff does not believe mediation or other ADR would be productive or successful prior to the production and these depositions. While the FDCPA is indeed a strict liability statute, Plaintiff's claims for negligence and gross negligence are not, nor is her prayer for punitive damages, which requires a finding of "conduct…which is close to criminality, being variously described as utter recklessness, reckless and of a criminal nature, wanton or malicious, and gross and outrageous." *Dubai Bank, Ltd. N.Y. Branch v. Joshi*, No. 85 Civ. 5005, 1989 WL 168088, at *4 (S.D.N.Y. Aug. 29, 1989).

In particular, Plaintiff believes there are recordings of phone calls between Plaintiff, her family, and Defendants which would corroborate the gross and outrageous conduct alleged in the Complaint, specifically that when Plaintiff told Defendants that she could not go to Albany because she has four children that Defendants responded by saying they were not there to help her. Complaint, ¶¶ 37-40. While initially Defendants' counsel stated that they would expedite

1

production of such discovery to facilitate settlement, they have instead not answered Plaintiff's interrogatories and requests for production at all more than two weeks after answers were due.[1]

Further, Defendants have never confirmed whether or not they would accept Plaintiff's offer to mediate with Joseph DiBenedetto, and Plaintiff would be happy to schedule a date to mediate before him in November or December (and Plaintiff's counsel has emailed Defendants to request the same).

**2. Defendants' Inappropriate Threat of "Unsavory Discovery"**

While Defendants with one hand claim that Plaintiff's counsel is seeking more discovery "than is necessary, even if the entirety of the Complaint is accepted as true" (which is incorrect given the reasons stated above), they also inappropriately make a veiled threat against the Plaintiff by warning of "unsavory discovery concerning Plaintiff's medical history and that of her children." Plaintiff will of course designate any such discovery confidential, and there is no need for public exposure of her private medical information, let alone the private medical information of her four children (three of whom are autistic), in order to litigate this case. Plaintiff is more than willing to have discovery done on this issue as long as all basic precautions are taken that are standard for medical records – Defendants raise it not based on a sincere belief that Plaintiff would not be willing, but rather to insinuate that such discovery will lead to "unsavory" exposure.

This kind of litigation tactic does not speak well for whether Defendants are sincere about wanting to settle this case versus whether they are instead hoping to be able to railroad Plaintiff into essentially giving up her state law claims without any discovery on them. As of this filing, Defendants' responses to Plaintiff's first set of interrogatories and requests for production of documents are two weeks overdue, despite Defendants' counsel averring that discovery would be expedited to facilitate settlement.

Respectfully,

/s/

Ahmad Keshavarz, Esq.

---

[1] Plaintiff's counsel left a voicemail with Defendants' counsel this morning, September 8, 2023, to discuss.