**AHMAD KESHAVARZ**
*Attorney at Law*

| 16 COURT ST., 26TH FLOOR | WWW.NEWYORKCONSUMERATTORNEY.COM | Telephone: (718) 522-7900 |
| BROOKLYN, NY 11241-1026 | E-mail: ahmad@NewYorkConsumerAttorney.com | Fax: (877) 496-7900 |

October 3, 2023
**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  **Re:** Letter on Deficient Discovery Responses to Plaintiff's Discovery Requests.
     ***Ramirez v. Smith, Carroad, Levy, Wan & Parikh, P.C. et al.,* 1:23-cv-4355 -AT**

Dear Judge Torres:

  The undersigned represents Plaintiff Deborah Ramirez. This Letter is filed to address discovery disputes for which the parties are at an impasse.

  **1. Background**

  On July 25, 2023, Plaintiff served her first set of discovery requests on Defendants. **Exhibit A** (First Set of Discovery Requests). Defendants provide their responses, without documents, on September 11, 2023 (**Exhibit B**), and produced documents on September 19, 2023. Defendants only produced a privilege log on September 20, 2023. Plaintiff brings the follow issues to the Court for resolution:

  **2. Defendants' Privilege Log Is Not in Compliance with Local Rule 26.2 and Their Redactions Should Be Removed And Withheld Documents Produced.**

  Defendants make objections on the basis of privilege to Plaintiff's Requests for Production **(RFPs) #1, 3, 5, 7-8**. **Exhibit B**. However, Defendants' privilege log does not meet the requirements of Local Rule 26.2. **Exhibit E** (Privilege Log). The privilege log does not say who at Smith Carroad sent or received the emails or the letter. It does not say who the client is. Assuming the "client" is the plaintiff in the collection lawsuit against Ms. Ramirez, it does not say which employee at the "client" was sending or receiving the communications.

  And the items redacted and withheld are done so improperly. *Hallmark v. Cohen & Slamowitz*, 300 F.R.D. 110, 112 (W.D.N.Y. 2014) (compiling cases) *citing Avoletta v. Danforth,* 2012 WL 3113151, at *1 (D. Conn. July 31, 2012); *Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321, 323 (E.D.N.Y.2012) (in camera review of documents from holder of debt showed no purpose to obtain legal advice but instead demonstrated defendant's "debt collection business" and, as such, were not privileged and subject to production); and *FTC v. Lundgren,* 1997 U.S. Dist. LEXIS 9557, *7 (E.D.Cal. Apr. 29, 1997). "[Attorney-client] privilege does not protect incidental legal advice given during the course of correspondence pertaining to business and not made in response to a request made primarily for the purpose of securing legal advice." *Avoletta* at *2 *quoting Lundgren* at *7-8.

  Plaintiff requests that the Court review these documents *in camera* and, to the extent that the items withheld are factual rather than legal advice, order Defendants to remove the redactions and produce any documents withheld.

  **3. Interrogatory Deficiencies.**

1

a. **Interrogatory #1**: This response (**Exhibit B**) is on its face incomplete, as Defendants do not even identify the persons named in the Complaint, such as "Tom" the collector (see Dkt. No. 1, ¶ 37), any person or persons at Mildred-Elley that Defendants communicated with about the putative debt, and the persons referenced in Defendants' document production. Additionally, if there is a phone provider responsible for recordings of calls between the firm and consumers, that provider must be identified. The names that are provided meanwhile have no additional information sought by Plaintiff's request, which defines "identify" as "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

b. **Interrogatory #4**: Defendants' answer is not responsive. **Exhibit B**. Defendants do not provide the custodian, location, and general description of any documents, instead vaguely stating that they possess relevant documents.

c. **Interrogatory #5**: Defendants' answer appears on its face (**Exhibit B**) to be deficient as the creditor at issue in this lawsuit is not a named defendant and thus presumably would be a third party with responsive documents, particularly since Michelle Constantine (who upon information and belief is an employee of the creditor) was named as a person with knowledge.

d. **Interrogatory #6**: Because Defendants' answer specifically admits "It is unknown if any calls with Plaintiff, which took place prior to that date, were part of the recordings which were irreparably damaged" (**Exhibit B**) the answer is deficient. The answer must specifically state what efforts have been taken to locate the recordings rather than just assuming that they have been destroyed when Defendants admit that they do not know if they have been destroyed. If Defendants are concerned about the cost of having an expert attempt to identify or recover files, Plaintiff can hire an expert to do so.

e. **Interrogatory #7**: The collection notes of debt collectors cannot be easily read without knowing the abbreviations and codes that compromise the majority of the information within them. Plaintiff identified over 50 codes that did not have a facially obvious meaning (**Exhibit D,** pp. 4-6). Withholding definitions is prejudicial to Plaintiff's ability to use documents, as well as unnecessarily increasing costs and fees by necessitating exhaustive questioning of multiple witnesses to receive all the definitions, as even a prepared 30(b)(6) witness rarely if ever is able to provide all the definitions in a single deposition. *Compagnie Francaise d'Assurance Pour le Com. Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984) *citing In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299 (S.D.N.Y.1982). The court raised this point specifically in response to objections "on the ground that they purportedly ask for evidentiary detail more appropriately elicited at depositions." *Compagnie,* 105 F.R.D. at 43. It is nonsensical to have a corporate representative memorize every definition when the firm could simply provide them in written form.

4. **Document deficiencies**

The following known responsive documents have not been produced:

i. the "Call Screen" generated with the command "Ctrl+F12" in Smith's collection software (DEFENDANTS 28-65[1]);

ii. the emails referenced throughout the screenshots of the collection software. Emails should be produced in native format – summary of email text in the account notes is not sufficient, as demonstrated by the email on DEFENDANTS 47 sent to Ms. Ramirez on January 5 by Tom Bennett, seemingly attaching documents that have not been produced but would be available if the email was produced in native format;

iii. The "POST OFFICE BOX LETTER" referenced on DEFENDANTS 28, dated June 5, 2022

iv. The "Demand letter-pp" referenced on DEFENDANTS 29, dated June 5, 2022;

v. The "school file spreadsheet" referenced on DEFENDANTS 41, entry dated December 14, 2022;

vi. The "Add'l Notes" tab visible on DEFENDANTS 28-65.

vii. The "vMedia" tab visible on DEFENDANTS 28-65.

viii. The "Priority" tab visible on DEFENDANTS 28-65.

ix. The "Calls" tab visible on DEFENDANTS 28-65.

x. The "Tags" tab visible on DEFENDANTS 28-65.

xi. The "Docs" tab visible on DEFENDANTS 28-65.

xii. Smith's retainer or other agreement with Mildred Elley governing collection of the putative debt of Deborah Ramirez;

xiii. Insurance policies and declaration sheets;

xiv. No documents have been produced that are responsive to **RFP # 12**. The burden objection is vague and ambiguous. **Exhibit B.** Plaintiff's allegations refer specifically to misrepresentations made to her, and generally unfair treatment, during phone calls with a Smith Carroad employee, Tom Bennett. Dkt. No. 1, ¶¶ 37-51. Documents related to Mr. Bennett's hiring, training and supervision are directly relevant to the claims in this case.

xv. No documents have been produced that are responsive to **RFP #14.** The objection (**Exhibit B**) is unavailing – each of the quoted terms has a plain English meaning that Defendants could have used if there was any doubt about their meaning. However, if Defendants contend that there are no responsive documents that provide a basis for any fees being incurred, then Plaintiff will accept an amended response stating that there are no responsive documents.

Respectfully,

/s/

Ahmad Keshavarz, Esq.

## CERTIFICATE OF CONFERENCE

---

[1] To the extent requested by the Court, Plaintiff can provide Defendants' document production for review.

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

Plaintiff propounded her First Set of Discovery Requests on July 25, 2023. **Exhibit A.** Defendants provided their responses, without documents or a privilege log, on September 11, 2023. **Exhibit B**. Accordingly, on September 13, 2023, Plaintiff sent Defendants a letter that (1) demanded production of the long overdue documents, which should have been produced on August 25, (2) demanded production of the privilege log, which should have been produced on August 25, and (3) outlining deficiencies with the interrogatory responses. **Exhibit C**. Defendants responded by claiming that documents would be produced on September 18, 2023 and scheduling a time to confer on September 19, 2023. Defendants instead produced the documents on September 19, 2023. For the sake of judicial efficiency, Plaintiff's counsel quickly reviewed the documents and drafted another deficiency letter so that all discovery issues could be discussed on the same call. **Exhibit D**. The parties met and conferred on September 19, 2023, and while Defendants agreed to review and consider producing certain documents and amending certain answers, they failed to commit to doing so and failed to provide a date by which they would provide them. Accordingly, Plaintiff demanded that amendments and production be made by September 26, 2023, and to fill in their section of this letter accordingly on any issue that the parties were at an impasse on.

Defendants provided no response to Plaintiff's demand to amend and provide their section of the joint letter by September 26, 2023. Accordingly, Plaintiff emailed on September 25, 2023 requesting a response, and because of the holiday, forwarded the email to another counsel as requested in the "bounceback" email received from Defendants' counsel. Plaintiff emailed again on September 26, 2023, requesting the date that they will be producing amendments, documents, and their section of the joint letter, as well as information on mediation and availability for depositions. In response, Defendants' counsel would only say that "there will be a delay in resolving what can be resolved and bringing the rest to the court." This is inappropriate – while Plaintiff's counsel is certainly willing to cooperate as to timelines, not providing any timeline or date certain at all, particularly when responses to discovery were so late to begin with, is dilatory.

In the interest of making every attempt to comply with Your Honor's rules, Plaintiff continued to solicit the cooperation of Defendants' counsel to put together a joint letter efficiently for submission. Defendants' counsel was uncooperative, leading to numerous emails back and forth when they could have simply provided their section. While Defendants' counsel seemed to relent and stated in email that they anticipated providing their finalized section of the letter on September 29, 2023 at 4:30 p.m., which Plaintiff agreed to, they then revoked this on October 3, 2023, saying they would not provide their amended section of the letter until Plaintiff amended her certificate of conference. To try to use undue influence to have Plaintiff change her own section of the letter, when Defendants were welcome to (and invited to) respond to it in their own section of the letter, was inappropriate. Accordingly, because Defendants have managed to delay any forward movement on discovery since the meet and confer by two whole weeks as of today while still refusing to provide their finalized section of a joint letter, Plaintiff has had to resort to making this application unilaterally.

Respectfully,
/s/
Ahmad Keshavarz