UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DEBORAH RAMIREZ,

                                         Case No.: 1:23-CV- 04355-AT

                     **Plaintiff,**

      -against-

SMITH, CARROAD, LEVY, WAN & PARIKH, P.C.
and
PRAGNA PARIKH

                     **Defendants.**

-------------------------------------------------------------------X

## **PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS**

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                                                Respectfully submitted,
                                                /s/
                                                Ahmad Keshavarz
                                                THE LAW OFFICES OF AHMAD KESHAVARZ
                                                16 Court St., 26th Fl.
                                                Brooklyn, NY 11241-1026
                                                Phone: (718) 522-7900
                                                Fax: (877) 496-7809 (toll-free)
                                                Email: ahmad@NewYorkConsumerAttorney.com

## **CERTIFICATE OF SERVICE**

I certify that on this day I served the above referenced document to the parties listed below via email to:

Defendants Smith, Carroad, Levy, Wan & Parikh, P.C. and Pragna Parikh
By and through their attorneys of record
Asher Kest, Esq.
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006
akest@fkblaw.com


Date: July 25, 2023
      Brooklyn, NY
/s/
Ahmad Keshavarz

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b). Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "Plaintiff" means the Plaintiff in this federal lawsuit.

2. "Defendants" means the defendants in this federal lawsuit.

3. "You" or "Your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

4. The term "**Smith Carroad**" means Defendant SMITH, CARROAD, LEVY, WAN & PARIKH, P.C.

5. The term "**Mildred Elley**" means "Mildred Elley – Metro New York City Campus", the plaintiff in the Collection Lawsuit.

6. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

7. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. The term "**the Lawsuit**" or the "**Collection Lawsuit**" means the state court case captioned Mildred Elley – Metro New York City Campus v. Deborah Ramirez, Index No. 909016-22, Albany County Supreme Court.

9. The term "**putative debt**" means the putative debt at issue in Collection Lawsuit.

10. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

11. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. When a document production demand asks for "documents sufficient to demonstrate,,," you

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control." *MTB Bank v. Federal Armored Express*, 93 Civ. 5594(LBS), 1998 WL 43125 at * 4 (S.D .N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' "). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. Jul 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.")

may use an affidavit to answer the question if you wish.

13. The term "the **First Venue Letter**" means the letter dated January 18, 2023 attached to the complaint as DE 1 - 5.

14. The term "the **Second Venue Letter**" means the letter dated February 17, 2023 attached to the complaint as DE 1 - 8.

15. The term the "**NYLAG Letter**" means the letter dated April 6, 2023 that is attached to the Complaint as DE 1 – 11.

16. The term the "**Motion to Dismiss**" means the document dated March 22, 2023 that is attached to the Complaint as DE 1 – 9.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g. a database of dates and locations of putative service of process) please produce those documents in its electronic format.

Please produce the all of the following documents "in your possession, custody, or control":

1. The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
2. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.
3. Your "account notes", "screen shots", and any other contemporaneous documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
4. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt, their job title, and their job responsibilities. This includes any job postings for the position.
5. Any contracts or agreements that govern the collection of the putative debt.
6. The documents, if any, upon which you base your affirmative defenses.
7. Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.
8. The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.
9. The documents you reference in your initial disclosures.
10. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.
11. Every document that you intend to use or introduce into evidence at the trial of this case.
12. Provide the documents that you believe form the basis of the reasonable hiring, training, and supervision of anyone involved in the collection of the putative debt, including the person(s) who called regarding the debt.
13. The documents that form the basis of your filing the Collection Lawsuit in Albany County rather than New York County?
14. Provide the documents that form the basis for your assertion, if any, that that Mildred Elley – Metro New York City Campus "incurred" any "collection fees" or "attorney's fees" in connection with any alleged default of the putative debt, and the amount and calculation of the same.

## INTERROGATORIES

1. "Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2. "Identify" the name and address of every witness you expect to call at the trial of this case.

3. "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

5. If documents responsive to Plaintiff discovery demands are in the possession of a third-party, identify that third-party and the documents you believe in their possession.

6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

7. If any of the documents you produce use abbreviations or codes, please the meaning of said abbreviations or codes, including the persons to whom they refer.

8. What was the basis of your filing the Collection Lawsuit in Albany County rather than New York County?

9. Tate the date you received, from any source the First Venue Letter, the Second Venue Letter, the NYLAG Letter, and the Motion to Dismiss.

## REQUESTS FOR ADMISSION

Admit or deny the following.

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.
2. The putative debt was an alleged obligation incurred primarily for family, personal, or household purposes.
3. You regularly collect consumer debts alleged to be due to another.
4. Your principal purpose is the collection of alleged consumer debts.
5. You have received and/or sent money via wire transfer, ACH transfer, electronic transfer, or direct deposit, in connection with your business.
6. You use the mails in connection with Your business.
7. You have recordings of one or more calls related to the collection of the putative debt.
8. You had, at one point, recordings of one or more calls related to the collection of the putative debt.