UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
DEBORAH RAMIREZ,

                                Plaintiff,

– against –

SMITH, CARROAD, LEVY, WAN & PARIKH, P.C.
And PRAGNA PARIKH

                                Defendants.
---------------------------------------------------------------------X

Case No.: 1:23-CV- 04355-AT

**RESPONSE TO PLAINTIFF'S INTERROGATORIES**

**COUNSELORS:**

Defendant, SMITH CARROAD WAN & PARIKH, P.C., and PRAGNA PARIKH by and through their attorneys, hereby responds to Plaintiff's request for interrogatories as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Request for Interrogatories to the extent that they attempt to impose obligations upon the Defendant that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

2.    Defendant objects to each and every demand in Plaintiff's Request for Interrogatories to the extent that it seeks to require the Defendant to organize its responses to the demands by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on the Defendant.

3.    Defendant objects to each and every demand in Plaintiff's First Request for Interrogatories to the extent it purports to require the disclosure of matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, restriction,

1

immunity or protection from discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4. Defendant objects to each and every demand in Plaintiff's First Request for Interrogatories to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendant objects to each and every demand in Rock Plaintiff's First Request for Interrogatories to the extent that it is vague, ambiguous, and ill-defined.

6. Defendant objects to each and every demand in Plaintiff's First Request for Interrogatories to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, and/or would require unreasonable investigation on the part of the Defendant.

7. Defendant objects to each and every demand in the Plaintiff's First Request for Interrogatories to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8. Defendant objects to each and every demand in Plaintiff's First Request for Interrogatories to the extent it seeks information not within the Defendant's possession, custody or control on the grounds that said discovery is overly broad, unduly burdensome, and could require Defendants to search for non-party information and answer on behalf of non-parties.

9. Defendant objects to each and every demand in Plaintiff's First Request for Interrogatories to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10. Any response provided by the Defendant in response to Plaintiff's First Request for Interrogatories is made on the basis of the best information available to the Defendant at the time of gathering responsive materials, within the limits of, and subject to the Defendant general and specific objections to the aforementioned request. The Defendant's production of responsive information to any particular request does not constitute an admission or acknowledgment that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion. Furthermore, any and all responses provided pursuant to the aforementioned request are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against the Defendant in any other proceedings. The Defendant reserves the right to supplement or modify the responses and objections if and as additional information becomes available.

In addition to these General Objections, the Defendant may also make, where appropriate, other specific objections to individual requests. By setting forth such specific objections, the Defendant does not limit or waive the General Objections. To the extent that the Defendant responds to the demands to which they object, such objections are not waived. The Defendant expressly reserves the right to supplement these responses should further information become available.

## DEMAND FOR INTERROGATORIES

**Demand No. 1:** "Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

**Response:** Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant also objects on the grounds that the information sought is equally accessible to Plaintiff, or seeks information that is already in possession of Plaintiff. Subject to, and without waiver of any objections, Defendant identifies the following parties with knowledge.

- Deborah Ramirez
- Timothy Wan
- Pragna Parikh
- Michelle Constantine

Defendants reserve the right to supplement or modify its responses and objections if and when additional information becomes available.

**Demand No. 2:** "Identify" the name and address of every witness you expect to call at the trial of this case.
**Response**: See response to Demand No. 2.

**Demand No. 3:** "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

**Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that it seeks disclosure of disclosure of matters and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, restriction, immunity or protection from

discovery, all of which are herein invoked and asserted. Defendant also objects on the grounds that it seeks information that is neither relevant to the issues in dispute in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of any objections, Defendant responds:

- Timothy Wan

**Demand No. 4:** "Identify" the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements.

    **Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiver of any objections, Defendants respond that they are in possession of materials which qualify as "relevant documents."

**Demand No. 5:** If documents responsive to Plaintiff discovery demands are in the possession of a third-party, identify that third-party and the documents you believe in their possession.

    **Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiver of any objections, Defendants responds that they are not aware of documents in the possession of any third-party.

**Demand No. 6:** For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

    **Response:** Smith Carroad records calls to debtors on a random basis. Smith Carroad's office was previously located at 5036 Jericho Turnpike, Suite 201, Commack, New York 11725. Due to continued flooding events at that location, Smith Carroad moved to new offices located at 202 East main Street, Smithtown, NY 11787 on Feb 1, 2023. In the course of this move, Smith Carroad determined that its call recording system had been damaged by the flooding. As a result, any calls recorded prior to that date are no longer available. It is unknown if any calls with Plaintiff,

5

which took place prior to that date, were part of the recordings which were irreparably damaged. Smith Carroad's new call recording system began operation in conjunction with the move to its new office location.

**Demand No. 7:** If any of the documents you produce use abbreviations or codes, please the [*sic*] meaning of said abbreviations or codes, including the persons to whom they refer.

**Response:** Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. To the extent there are any abbreviations or codes in produced documents that are not apparent to the reader, inquiries may be posed at deposition.

**Demand No. 8:** What was the basis of your filing the Collection Lawsuit in Albany County rather than New York County?

**Response:** Defendants object on the grounds that this request seeks a contention response, and is appropriately interposed at deposition or upon the completion of discovery.

**Demand No. 9:** Tate [*sic*] the date you received, from any source the First Venue Letter, the Second Venue Letter, the NYLAG Letter, and the Motion to Dismiss.

**Response:** Defendants object to this demand on the grounds that it seeks information already in the possession of Plaintiff.

Dated:  New York, New York
         September 11, 2023

                                                FURMAN KORNFELD & BRENNAN LLP

By:     /s/ Asher Kest
       Aaron M. Barham, Esq.
       Asher Kest, Esq.
       *Attorneys for Defendants*
       88 Pine Street – 32nd Floor
       New York, NY 10005
       Tel: (212)-867-4100
       Fax: (212)-867-4118
       File No.: 313.536

## VERIFICATION

Pursuant to Fed R. Civ. P. § 33, Timothy Wan, on behalf of Smith Carroad Levy Wan & Parikh, PC, hereby declares under penalty of perjury that I have read the foregoing interrogatory responses, which are true and correct to the best of my knowledge.

By: Timothy Wan, Esq.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
DEBORAH RAMIREZ,
                                                            Case No.:  1:23-CV- 04355-
                        Plaintiff,                                          AT

        – against –
                                                            RESPONSE TO REQUESTS
SMITH, CARROAD, LEVY, WAN & PARIKH, P.C.                    FOR PRODUCTION OF
And PRAGNA PARIKH                                                DOCUMENTS

                        Defendants.
---------------------------------------------------------------------X
```

**COUNSELORS:**

Defendants, SMITH CARROAD LEVY WAN & PARIKH, P.C., and PRAGNA PARIKH by and through their attorneys, hereby responds to Plaintiff's First Set of Discovery Demands to Defendants as follows:

## GENERAL OBJECTIONS

1.   Defendants object to Plaintiff's First Set of Discovery Demands to Defendants to the extent that they attempt to impose obligations upon the Defendants that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for Southern District of New York.

2.   Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent that it seeks to require the Defendants to organize its responses to the demands by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on the Defendants.

3.   Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent it purports to require the disclosure of matters protected by

1

the attorney-client privilege, work-product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4. Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent that it is vague, ambiguous, and ill-defined.

6. Defendants objects to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, and/or would require unreasonable investigation on the part of the Defendants.

7. Defendants object to each and every demand in the Plaintiff's First Set of Discovery Demands to Defendants to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8. Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent it seeks information not within the Defendants' possession, custody or control on the grounds that said discovery is overly broad, unduly burdensome, and could require the Defendants to search for non-party information and answer on behalf of non-parties.

9.      Defendants object to each and every demand in Plaintiff's First Set of Discovery Demands to Defendants to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10.     Any response provided by the Defendants in response to Plaintiff's First Set of Discovery Demands to Defendants is made on the basis of the best information available to the Defendants at the time of gathering responsive materials, within the limits of, and subject to the Defendants general and specific objections to the aforementioned request. The Defendants' production of responsive information to any particular request does not constitute an admission or acknowledgment that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion. Furthermore, any and all responses provided pursuant to the aforementioned request are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against the Defendants in any other proceedings. Defendants reserve the right to supplement or modify the responses and objections if and as additional information becomes available.

In addition to these General Objections, Defendants may also make, where appropriate, other specific objections to individual requests.  By setting forth such specific objections, the Defendants do not limit or waive the General Objections. To the extent that the Defendants respond to the demands to which they object, such objections are not waived.  Defendants expressly reserve the right to supplement these responses should further information become available.

## DEMAND FOR DOCUMENT PRODUCTION

**Demand No. 1:**  The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

**Response:** Defendants object to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object on the grounds that this request seeks to require the

disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Subject to, and without waiver of, the foregoing objections, Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 2:** The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative [*sic*], or attempts to collect the putative debt.

**Response**: Defendants object to this Request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendants respond that they are not in possession of documents or materials responsive to this demand.

**Demand No. 3:** Your "account notes", "screen shots", and any other contemporaneous documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

**Response**: Defendants object to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object on the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Defendants further object that this demand is not calculated to lead to the production of admissible evidence. Subject to, and without waiver of, the foregoing objections, Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 4:** Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt, their job title, and their job responsibilities. This includes any job postings for the position.

**Response**: Defendants objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object on the grounds that this Request is unduly burdensome, is not calculated to lead to the production of admissible evidence. Defendants further object on the

4

grounds that this Request seeks documents not within Defendants' possession, custody or control. Subject to, and without waiver of, the foregoing objections, Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 5:** Any contracts or agreements that govern the collection of the putative debt.

**Response**: Defendants object on the grounds that this Request is unduly burdensome, is not calculated to lead to the production of admissible evidence. Defendants further object on the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Subject to, and without waiver of, the foregoing objections, Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 6:** The documents, if any, upon which you base your affirmative defenses.

**Response**: Defendants objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 7:** Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

**Response**: Defendants object to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object to this demand on the grounds that it is not calculated to lead to the production of admissible evidence. Defendants further object on the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the

5

work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Subject to, and without waiver of, the foregoing objections, Defendants will provide insurance information under separate cover.

**Demand No. 8:** The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.

**Response:** Defendants object to this Request on the grounds that it is vague, ambiguous, and overbroad. Defendants further object to this demand on the grounds that it is not calculated to lead to the production of admissible evidence. Defendants further object on the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted.

**Demand No. 9:** The documents you reference in your initial disclosures.

**Response**:  Defendants object to this demand on the grounds that this Request seeks to require the production of documents already in Plaintiffs' possession. Subject to, and without waiver of, the foregoing objections, Defendants will produce responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 10:** If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**Response**: Defendants object to this demand on the grounds that it is vague, ambiguous, and ill-defined. Subject to, and without waiver of any objections, Defendants respond that they are not in possession of documents responsive to this demand.

**Demand No. 11:** Every document that you intend to use or introduce into evidence at the trial of this case.

**Response**: Defendants object to this demand on the grounds that it is vague and overbroad. Subject to, and without waiver of, the foregoing objections, Defendants will produce any responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 12:** Provide the documents that you believe form the basis of the reasonable hiring, training, and supervision of anyone involved in the collection of the putative debt, including the person(s) who called regarding the debt.

**Response**: Defendants object to this demand on the grounds that it is vague, ambiguous, and overbroad. Defendants further object to this demand on the grounds that it overly burdensome, and is not calculated to lead to the production of admissible evidence.

**Demand No. 13:** The documents that form the basis of your filing the Collection Lawsuit in Albany County rather than New York County.

**Response**: Defendants object to this demand on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendants will produce any responsive documents in Defendants' possession, custody, or control under separate cover.

**Demand No. 14:** Provide the documents that form the basis for your assertion, if any, that that Mildred Elley – Metro New York City Campus "incurred" any "collection fees" or "attorney's fees" in connection with any alleged default of the putative debt, and the amount and calculation of the same.

**Response**: Defendants object to this demand on the grounds that it is vague, ambiguous, and ill-defined, as it does not provide the definition nor source of the cited quotations.

7

Dated:  New York, New York
        September 11, 2023

                              FURMAN KORNFELD & BRENNAN LLP

                By:    /s/ Asher Kest_____
                      Aaron M. Barham, Esq.
                      Asher Kest, Esq.
                      *Attorneys for Defendants*
                      88 Pine Street – 32nd Floor
                      New York, NY 10005
                      Tel: (212)-867-4100
                      Fax: (212)-867-4118
                      File No.: 313.536

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
DEBORAH RAMIREZ,

                Plaintiff,

– against –

SMITH, CARROAD, LEVY, WAN & PARIKH, P.C.
And PRAGNA PARIKH

                Defendants.
---------------------------------------------------------------------X

Case No.: 1:23-CV- 04355- AT

**RESPONSE TO REQUEST FOR ADMISSION**

**COUNSELORS:**

Defendants, SMITH CARROAD WAN & PARIKH, P.C., and PRAGNA PARIKH by and through their attorneys, hereby responds to Plaintiffs DEBORAH RAMIREZ Request for Admission as follows:

**GENERAL OBJECTIONS**

1. Defendants object to Plaintiff's Request for Admission to the extent that they attempt to impose obligations upon the Defendant that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

2. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent that it seeks to require the Defendant to organize its responses to the demands by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on the Defendant.

3. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent it purports to require the disclosure of matters protected by the attorney-client

1

privilege, work-product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent that it is vague, ambiguous, and ill-defined.

6. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, and/or would require unreasonable investigation on the part of the Defendants.

7. Defendants object to each and every demand in the Plaintiff's Request for Admission to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent it seeks information not within the Defendants' possession, custody or control on the grounds that said discovery is overly broad, unduly burdensome, and could require Defendants to search for non-party information and answer on behalf of non-parties.

9. Defendants object to each and every demand in Plaintiff's Request for Admission to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10. Any response provided by the Defendants in response to Plaintiff's Request for Admission is made on the basis of the best information available to the Defendant at the time of gathering responsive materials, within the limits of, and subject to the Defendant general and specific objections to the aforementioned request. The Defendan''s production of responsive information to any particular request does not constitute an admission or acknowledgment that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion.  Furthermore, any and all responses provided pursuant to the aforementioned request are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against the Defendants in any other proceedings.  Defendants reserves the right to supplement or modify the responses and objections if and as additional information becomes available.

In addition to these General Objections, Defendants may also make, where appropriate, other specific objections to individual requests.  By setting forth such specific objections, Defendants do not limit or waive the General Objections.  To the extent that Defendants respond to the demands to which they object, such objections are not waived. Defendants expressly reserves the right to supplement these responses should further information become available.

## REQUESTS FOR ADMISSION

**Demand No. 1:** You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

**Response:** Admit.

**Demand No. 2**: The putative debt was an alleged obligation incurred primarily for family, personal, or household purposes.

**Response:** Defendants object to this request on the grounds that it seeks admission as to the legal characterization of a debt, which is a question of law or seeks a legal conclusion.

**Demand No. 3**: You regularly collect consumer debts alleged to be due to another.

**Response**: Admit.

**Demand No. 4:** Your principal purpose is the collection of alleged consumer debts.

**Response:** Deny.

**Demand No. 5:** You have received and/or sent money via wire transfer, ACH transfer, electronic transfer, or direct deposit, in connection with your business.

**Response:** Defendants object to this request on the grounds that it is vague, unintelligible, and otherwise compound. Defendant also objects to this request as irrelevant to the instant action. Subject to and notwithstanding the foregoing objections, Defendants admit.

**Demand No. 6:** You use the mails in connection with Your business.

**Response:** See response to Request No. 5.

**Demand No. 7:** You have recordings of one or more calls related to the collection of the putative debt.

**Response**: Deny.

**Demand No. 8:** You had, at one point, recordings of one or more calls related to the collection of the putative debt.

**Response**: Defendants do not have sufficient knowledge to respond to this request.

Dated: New York, New York
August 17, 2023

        FURMAN KORNFELD & BRENNAN LLP

By:   /s/ Asher Kest_____
    Aaron M. Barham, Esq.
    Asher Kest, Esq.
    *Attorneys for Defendants*
    88 Pine Street – 32nd Floor
    New York, NY 10005
    Tel: (212)-867-4100
    Fax: (212)-867-4118
    File No.: 313.536