# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

September 13, 2023

**VIA Email to** akest@fkblaw.com
Asher Kest, Esq.
*For Defendants Smith, Carroad, Levy, Wan & Parikh, P.C. and Pragna Parikh*
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006

> **Re:**   Notice of Deficiencies in September 11 Discovery Responses.
> ***Ramirez v. Smith, Carroad, Levy, Wan & Parikh, P.C. et al.,* 1:23-cv-4355 -AT**

Dear counsel,

The undersigned represents Plaintiff Deborah Ramirez. This letter responds to the discovery responses produced by your office on September 11, 2023, and follows up on our email to you on September 12, 2023 and our attempt to call you today, September 13, 2023.

1. First, and primarily, no documents have been produced, with Defendants instead averring that "Defendants will produce any non-privileged responsive documents in Defendants' possession, custody, or control under separate cover." No date of production is provided. This tactic is an improper extension of the deadline to respond to Plaintiff's requests for production of documents, and worse still does not even give the date at which the documents will be produced.

2. Second, Defendants make facially illusory, ambiguous, and vague objections on the basis of privilege. *See* RFPs #1, 3, 5, 7-8. No privilege log has been provided, nor has any basis for the privilege been given. If a privilege log is not provided, Plaintiff will move for the production of all documents being withheld on the basis of privilege as said-privilege will be baseless. Please note that only a privilege log complying with Local Rule 26.2 will cure this deficiency.[1]

While the extent of deficiencies is unclear when Defendants have obfuscated what documents will be produced in response, Plaintiff makes the following additional demands to cure deficiencies in the responses:

3. Interrogatory #1: This response is on its face incomplete, as Defendants do not even identify the persons named in the Complaint, such as "Tom" the collector (*see* ¶ 37) and any person or persons at Mildred-Elley that Defendants communicated with about the putative debt. The names that are provided meanwhile have no additional information sought by Plaintiff's request, which defines "identify" as "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural

---

[1] "(A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other"

person, additionally, the present or last known place of employment."

4.  Interrogatory #4: Defendants' answer is not responsive. Defendants do not provide the custodian, location, and general description of any documents, instead vaguely stating that they possess relevant documents.

5.  Interrogatory #5: Defendants' answer appears on its face to be deficient as the creditor at issue in this lawsuit is not a named defendant and thus presumably would be a third party with responsive documents, particularly since Michelle Constantine was named as a person with knowledge. Please amend to provide an answer with all known third parties with responsive documents.

6.  Interrogatory #6: Because Defendants' answer specifically admits "It is unknown if any calls with Plaintiff, which took place prior to that date, were part of the recordings which were irreparably damaged," the answer is deficient. The answer must specifically state what efforts have been taken to locate the recordings rather than just assuming that they have been destroyed when Defendants admit that they do not know if they have been destroyed. If Defendants are concerned about the cost of having an expert attempt to identify or recover files, Plaintiff can hire an expert to do so. And please note that Plaintiff has now propounded a deposition notice for a fact witness with knowledge of the recording system and the flood described in Interrogatory #6.

7.  Interrogatory #7: While documents have not yet been produced, as a general matter the collection notes of debt collectors cannot be easily read without knowing the abbreviations and codes that compromise that majority of the information within them. As such, withholding the definitions is prejudicial to Plaintiff's ability to use such documents in preparation for depositions, as well as unnecessarily increasing costs and fees by necessitating exhaustive questioning of multiple witnesses to receive all the definitions, as even a prepared 30(b)(6) witness rarely if ever is able to provide all the definitions in a single deposition. In the spirit of cooperation however, once documents are produced, Plaintiff will provide a list of abbreviations and codes with reference to batestamp to aid in producing the definitions.

Provide your availability to confer on these items on September 15, 2023. If you do not provide a time to confer, Plaintiff will provide a joint discovery letter for you to fill out per Judge Torres' individual rules, and will seek your section of such letter by September 19, 2023.

Respectfully,

/s/

Emma Caterine, Esq.