

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

October 6, 2023

**VIA ECF Filing**
Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Room 18D
New York, NY 10007

  Re:  *Deborah Ramirez v. Smith Carroad Levy Wan & Parikh PC, et ano*
     Civil Case No.:  23-cv-04355-AT

Dear Judge Lehrburger:

  Our firm represents defendants Smith Carroad Levy Wan & Parikh PC and Pragna Parikh (collectively, "Smith Carroad" or "Defendants") in the above-referenced matter. We write to respond to Plaintiff's September 27, 2023 letter, at ECF Docket Entry No. 22 (the "Letter").

  As background, Plaintiff alleges that Defendants improperly filed the underlying Debt Action in an incorrect venue, pursuant to the loan agreement's forum selection clause. These facts are not in dispute and FDCPA is a strict liability statute, obviating the excesses of Plaintiff's demands.  It is our position that Plaintiff's discovery practices are not relevant to pertinent issues and are designed almost entirely to drive up unnecessary litigation expenses.  Plaintiff contends that her fishing expedition into every facet of Defendants' office management is somehow relevant due to alleged "unfair treatment" on phone calls discussing the debt. Even if this somehow constitutes a separate FDCPA violation, Plaintiff's counsel has still failed to demonstrate the relevance of their excessive demands.

  Defendants are otherwise fully compliant with discovery, while Plaintiff has not yet provided any responses. Plaintiff wastes the Court's time with frivolous discovery disputes while delaying her own production.

  **I.** **Document Discovery**

*a.* Plaintiff did not make this request in her demands, and Plaintiff's belated informal demand lacks relevance. Nonetheless, the undersigned has already informed Plaintiff that a search will be conducted, and any responsive non-privileged documents will be provided.
*ii. - xi.***:** *See* response to "a."
*xii*. Defendants already responded that no such document exists.
*xiii*. The undersigned has already informed Plaintiff that such information will be provided.
*xiv*. Defendants' objection to demand no. 12 is clear; as discussed above, this demand has no relevance to the narrow claims; a fishing expedition into documents which "form the basis of the reasonable hiring, training, and supervision of anyone involved in the collection of the putative

debt" has no relevance to any purported, unalleged "unfair" treatment. Plaintiff has failed to make any explanation or assertion otherwise.

***xv.*** Defendants' objection to demand no. 14 is also plain. The demand seeks documents relating to specific quotes for which the source is not identified. To the extent that this demand refers to Plaintiff's debt itself, it is irrelevant to the narrow issues in the instant action.

## II.   **Privilege**

*Log Information*: Defendants have provided a categorical log pursuant to SDNY Local Rule 26.2(c), which specifically encourages such formatting. It is unnecessary to identify the sender and recipient for 30 emails when all concern ongoing litigation in the Debt Action and are protected by privilege.

*Attorney-Client Privilege*: Plaintiff does not and cannot make any viable argument that attorney-client privilege should be violated, or is otherwise inapplicable. "[C]ompelled disclosure of privileged attorney-client communications, absent waiver or an applicable exception, is contrary to well established precedent." *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001). Thus, "[g]iven that the attorney-client privilege and work product immunity play a critical role in our judicial system, the limited exceptions to them…should not be framed so broadly as to vitiate much of the protection they afford. *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999).

Rather than make any argument to the contrary, the Letter instead quotes to irrelevant decisions without attempting to connect them to the instant matter: *Hallmark v. Cohen & Slamowitz*, 300 F.R.D. 110 (W.D.N.Y. 2014) held that a service agreement and firm manual were not privileged, particularly since "the work to be performed by [law office] C & S is that of a debt collector which attempts debt collection in most of its accounts without initiating legal action." Here the documents at issue are communications directly concerning the Debt Action litigation; *Avoletta v. Danforth*, 2012 WL 3113151 (D. Conn. July 31, 2012) specifically addresses only "correspondence pertaining to business" matters, where attorneys are not acting as legal counsel; Plaintiff helpfully notes that *Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321 (E.D.N.Y.2012) held that that privilege is only inapplicable when documents do not contain "legal advice but instead…were related to defendant's debt collection business"; *FTC v. Lundgren*, Misc. S–96–0267 EJG JFM (E.D.Cal. Apr. 29, 1997) appears to be an unreported case from an entirely different Circuit. Regardless, it too addresses only business records.

Plaintiff has not provided any applicable exception to attorney-client privilege. Nor has Plaintiff proffered any support or argument whatsoever for their unfounded belief that the privileged documents are business records and not legal advice, aside from meager, bald assertion.

*In Camera Review*:

Plaintiff's request for *in camera* review is unwarranted and unsupported. "*In camera* review is considered the exception, not the rule." *Garcia v. U.S. Dep't of Just., Off. of Info. & Priv.*, 181 F. Supp. 2d 356, 370 (S.D.N.Y. 2002). Courts in this Circuit generally do not undertake *in camera* review without sufficient basis for dispute over the nature of the documents' privilege, and such review is disfavored. *See United States v. Arias*, 373 F.Supp.2d 311 (S.D.N.Y. 2005) (relying on attorney's representation of documents, and that the party seeking production "offer[ed] no reason to expect that [the attorney's] notes contain[ed] anything different"); *Cf. Wilner v. Nat'l Sec.*

*Agency*, 592 F.3d 60, 76 (2d Cir. 2009) ("there is no compelling reason in this case to deviate from this general practice by conducting or requiring an *ex parte*, *in camera* review").

To apply *in camera* review, courts must first consider whether a prudent person would find that the evidence proffered would constitute a reasonable basis for an exception, and only then, a Court may decide to review the evidence *in camera*. *See Madanes v. Madanes*, 199 F.R.D. 135 (S.D.N.Y. 2001), citing *United States v. Zolin*, 491 U.S. 554 (1989). Plaintiff has failed to provide a sufficient basis or "compelling reason" to expect that the privileged documents warrant *in camera* review.

### III.   Interrogatories

***Interrogatory No. 1***: Defendants objected to this demand which seeks information already in possession of Plaintiff, and the listed individuals are represented by counsel. Defendants have otherwise provided all parties with relevant knowledge; creditor Mildred Elley is irrelevant. Defendants have already agreed to provide the information for Tom Burnett, though Plaintiff has already served a notice of deposition, mooting such exchange. There is no "phone provider," which in any case Plaintiff did not raise until the Letter.
***Interrogatory No. 4***: Defendants have objected to this demand as irrelevant and overly broad. To the extent that any responsive documents exist, they are in possession of Defendants, who are represented by counsel, and in any case have already been provided.
***Interrogatory No. 5***: Defendants already responded that they are not aware of documents in the possession of third parties. Plaintiff's debt to Mildred Elley is not at issue and is not responsive.
***Interrogatory No. 6***: Defendants' verified responses already attested that all call recordings from Defendants' prior office location were irreparably damaged due to flooding. Further, Defendants have already agreed to provide an amended response advising that the physical tape used for recording was then discarded, in case Plaintiff's expert seeks to examine the city's garbage dumps.
***Interrogatory No. 7***: Defendants have objected to this demand which is irrelevant to the narrow claims and is also overly burdensome. Plaintiff has not provided explanation as to any possible relevance or need; this demand appears designed to harass Defendants with pointless busy work.

### IV.   Certificate of Conference Response

The undersigned does not wish to engage in a "tit for tat" with Plaintiff's counsel regarding assertions in the Certificate of Conference; it presents a pointless, one-sided, mud-slinging version of discovery discussions, which are anyway not relevant to issues before the Court. Let it suffice to say that Plaintiff has not made good faith efforts to resolve the discovery disputes without the Court's involvement, and that a joint letter addressing discovery disputes was never submitted because Plaintiff's counsel refused, time and again, to limit their portion of the draft joint letter to three pages, as required by Justice Torres' Individual Practices.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Aaron M. Barham
Asher Kest

cc:   All Counsel of Record – *via ECF*